Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EYMIRIAN BERRÍOS CRUZ<br><br>Recurrida<br><br><br>v.<br><br><br>TARIQ AKBAR KHAN y otros<br><br>Peticionario | TA2025CE00072 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm. CA2020RF00596 CA2020RF00866<br><br><br>Sobre: Custodia |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 26 de agosto de 2025.

El 2 de julio de 2025, compareció el Sr. Tariq A. Khan ("señor Khan" o "peticionario") mediante *Petición de Certiorari* para que revoquemos la *Orden* emitida y notificada el 1 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina ("TPI"), en la cual paralizó las relaciones paternofiliales y un viaje de verano programado del menor AKB con su padre en el estado de Virginia, EE.UU. Este recurso fue acompañado con una **moción en auxilio de jurisdicción** para que se dejara sin efecto la paralización de las relaciones paternofiliales y se permitiera el viaje del menor AKB al estado de Virginia, EE. UU., para relacionarse con el señor Khan.

Mediante *Resolución* emitida y notificada el 2 de julio de 2025, este Tribunal declaró *Con Lugar* la solicitud en auxilio y dejó sin efecto la *Orden* recurrida.

Evaluada la totalidad del expediente, corresponde **desestimar** el presente recurso por académico. Veamos los fundamentos.

**-I-**

Del expediente surge que el **1 de julio de 2025**, la Sra. Eymirian Berríos Cruz ("señora Berrios" o "recurrida") presentó una *URGENTE MOCION INFORMATIVA Y EN SOLICITUD DE ORDEN*.[1] En esencia, le solicitó al TPI que paralizara provisionalmente la visita del menor AKB a relacionarse con su padre en el estado de Virginia, EE. UU., programada para el día 2 de julio de 2025. Ello en lo que se atendía la salud psicológica del menor, dado que la pareja del señor Khan estaba embarazada y eso tenía al menor deprimido.

Mediante *Orden* emitida y notificada el **1 de julio de 2025**,[2] el TPI determinó, en lo pertinente, que:

> *Se paralizan las relaciones paternofiliales, en lo que se discuten los asuntos presentados en la presente moción. 5 días demandado para replicar y 10 días a las partes para presentar moción conjunta ofreciendo 3 fechas para vista de discusión de mociones.*[3]

Inconforme, el señor Khan recurrió ante nos el **2 de julio de 2025** mediante *Petición de Certiorari* y nos señaló la comisión de cuatro (4) errores:

**PRIMER ERROR**

*ERRÓ EL TPI, AL SUSPENDER LAS RELACIONES PATERNO FILIALES DEL PETICIONARIO CON EL MENOR A BASE DE UNA MOCION RADICADA POR LA RECURRIDA, SIN ESCUCHAR AL PETICIONARIO Y SIN CELEBRAR VISTA, EN VIOLACION DE SU DERECHO CONSTITUCIONAL A RELACIONARSE CON SU HIJO MENOR DE EDAD Y DEL DEBIDO PROCESO DE LEY.* [sic].

**SEGUNDO ERROR**

*ERRÓ EL TPI, AL EMITIR UNA ORDEN DE MANERA EX PARTE, MEDIANTE LA CUAL PROHIBIÓ LA SALIDA DEL MENOR AL ESTADO DE VIRGINIA EL 2 DE JULIO DE 2025 A RELACIONARSE CON SU PADRE SEGÚN SENTENCIA DEL MISMO FORO, SIN CELEBRAR VISTA, EL MISMO DIA QUE LA RECURRIDA PRESENTÓ LA MOCION Y SIN ESPERAR QUE EL PETICIONARIO PRESENTARA OPOSICION, EN VIOLACION DEL DEBIDO PROCESO DE LEY QUE LE ASISTE AL PETICIONARIO.* [sic].

**TERCER ERROR**

*ERRÓ EL TPI, AL EMITIR UNA ORDEN SUSPENDIENDO LA SALIDA DEL MENOR AL ESTADO DE VIRGINIA A RELACIONARSE CON SU PADRE DE MANERA EX PARTE, SIN CELEBRAR VISTA Y A BASE DE MERAS ALEGACIONES EN UNA MOCION, SIN RECIBIR PRUEBA ALGUNA Y SIN DAR*

---

[1] Entrada Núm. 172 del caso *CA2020RF00596* en SUMAC.
[2] Entrada Núm. 173 del caso *CA2020RF00596* en SUMAC.
[3] *Íd.*

*OPORTUNIDAD AL PETICIONARIO DE EXPRESARSE EN CONTRA DE LA MOCION ANTES DE PRIVARLO DE SU DERECHO CONSTITUCIONAL A RELACIONARSE CON EL MENOR.* [sic].

**CUARTO ERROR**

*ERRÓ EL TPI, AL SUSPENDER LAS RELACIONES PATERNO FILIALES SIN ANTES ESCUCHAR AL PETICIONARIO Y CELEBRAR VISTA, CONCEDIENDO UN TERMINO DE 5 DIAS PRO FORMA PARA QUE EL PETICIONARIO CONTESTE LA MOCION DE LA RECURRIDA RADICADA EL 1 DE JULIO DE 2025.* [sic].

**En igual fecha**, el peticionario sometió una ***SOLICITUD DE ORDEN EN AUXILIO DE JURISDICCION***,[4] en la cual solicitó que se dejara sin efecto la paralización de las relaciones paternofiliales y se permitiera el viaje del menor AKB al estado de Virginia.

Mediante *Resolución* emitida y notificada el **2 de julio de 2025**,[5] determinamos emitir la orden de auxilio. En lo pertinente, expresamos:

> *A la Solicitud de Orden en Auxilio de Jurisdicción, se declara* **Con Lugar**. *Por lo cual, se deja sin efecto la Orden recurrida prohibiendo que el menor A.K.B. viaje a relacionarse con su padre Tariq Akbar Khan en el estado de Virginia, EE. UU. En consecuencia, se ordena la continuación de las relaciones paterno filiales y del viaje al estado de Virginia desde hoy, 2 de julio de 2025 hasta el 26 de julio de 2025, según lo programado, entre el menor y su padre. El caso queda paralizado hasta la fecha del 26 de julio de 2025.*
> [...].[6]

No obstante, el **3 de julio de 2025** el señor Khan nos presentó una **SOLICITUD DE ORDEN EN AUXILIO DE JURISDICCION POR INCUMPLIMIENTO DE ENTREGA DEL MENOR SEGUN ORDENADO POR EL DISTINGUIDO FORO**. En resumen, adujo que la señora Berrios no respondía a los mensajes de la representación legal del peticionario, por lo que estaba en incumplimiento con la orden emitida el 2 de julio de 2025 por este Tribunal.

Ese mismo día, el 3 de julio de 2025, la señora Berrios presentó una **URGENTE MOCION DE DESESTIMACIÓN Y RECONSIDERACION A: RESOLUCION DEL 2 DE JULIO DE 2025 (SIN SOMETERSE A LA JURISDICCIÓN)**. En síntesis, adujo que el

---

[4] Entrada Núm. 2 del caso *TA2025CE00072* en SUMACTA.
[5] Entrada Núm. 3 del caso *TA2025CE00072* en SUMACTA.
[6] *Íd.*

señor Khan solo le notificó a uno de los dos abogados de la señora Berrios al presentar el recurso del *certiorari* y la moción de auxilio de jurisdicción, por lo que este Tribunal carecía de jurisdicción al momento de acoger el certiorari y emitir la orden de auxilio el 2 de julio de 2025.

El mismo **3 de julio de 2025**, emitimos una Resolución atendiendo ambas mociones. Así, nos expresamos:

A la *Solicitud de Orden en Auxilio de Jurisdicción por Incumplimiento de Entrega del Menor, según Ordenado por el Distinguido Foro*, **CON LUGAR**.
Se ordena a los alguaciles del Tribunal de Apelaciones de Puerto Rico, en compañía de la Lcda. Jessica Hernández Sierra (núm. celular 787-425-1400), quien representa al padre del menor A.K.B., señor Tariq Akbar Khan, a diligenciar la entrega del menor A.K.B. (en cualquier lugar donde se encuentre el menor, ya sea en horas del día o de la noche) a la Lcda. Hernández Sierra, quien bajo su custodia provisional procurará que dicho menor aborde el vuelo, sin mayor dilación alguna, hacia el estado de Virginia, EE.UU., para cumplir con nuestra orden del 2 de julio de 2025, en la cual ordenamos la reanudación de las relaciones paterno filiales y el viaje a Virginia del menor hasta el 26 de julio de 2025.
Cualquier persona que se interponga para impedir o retrasar la orden antes ordenada, será arrestada y llevada sin dilación irrazonable ante un juez(a) para diligenciar el desacato criminal, conforme a la Regla 242 (b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 242. Lo antes ordenado, es en virtud de nuestra facultad que nos otorga el Artículo 2.017 inciso (j) de la Ley Núm.. 201-2003, según enmendada, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4L.P.R.A. sec. 24o.
A la *Urgente Moción de Desestimación y Reconsideración a: Resolución del 2 de julio de 2025*, **NO HA LUGAR**.

En reacción a la orden antes dicha, la señora Berrios presentó el 3 de julio de 2025, a la 8:33 p.m., una **MOCIÓN INFORMANDO ACUERDO DE LAS PARTES PARA LA ENTREGA DEL MENOR AL PETICIONARIO MAÑANA 4 DE JULIO DE 2025**. En lo pertinente, la recurrida expresó:

El día de hoy el Honorable Tribunal emitió Resolución para que la Oficina de los Alguaciles del Honorable Tribunal diligenciaran la entrega del menor al padre, a través de la abogada suscribiente. Ent. #6
Para lograr la entrega del menor al Peticionario y en cumplimiento con la Orden de este Distinguido Foro, informamos que las partes han acordado como sigue:
a) El Sr. Tariq Khan viajará a Puerto Rico el día de mañana 4 de julio de 2025 en el vuelo número 1948 de Southwest Airlines, que llega al Aeropuerto Luis Muñoz Marín de Carolina a las 6:55 pm;

b) La Sra. Eymiriam Berríos entregará al menor A.K.B al Sr. Tariq Akbar Khan a las 7 pm del 4 de julio de 2025 en el aeropuerto Luis Muñoz Marín, para cumplir con la Orden de este Honorable Tribunal y de forma tal que el menor no viaje solo de San Juan a Virginia sino con el padre;

c) Que hoy se le informó a la oficina de Alguaciles del Hon. Tribunal de Apelaciones sobre este acuerdo, a través del Alguacil Quiñones quien estuvo en conferencia telefónica con ambos abogados de la Recurrida y con la abogada suscribiente;

EN MERITO DE LO ANTES EXPUESTO, respetuosamente solicitamos que este Honorable Tribunal tome conocimiento de lo antes expuesto para todos los fines legales y pertinentes.

Dicha moción nos fue notificada verbalmente ese mismo día 3 de julio de 2025, tanto por el Alguacil como la Secretaria del Tribunal de Apelaciones. Así, nos dimos por notificados verbalmente del acuerdo entre las partes, por lo que el **8 de julio de 2025** lo hicimos constar por escrito: *"A la Moción Informando Acuerdo de las Partes para Entrega del Menor al Peticionario Mañana 4 de Julio de 2025, ENTERADO"*.

Tras varios trámites procesales, el **14 de julio de 2025** la señora Berrios presentó: ***OPOSICION AL RECURSO DE CETIORARI***. Por lo cual, dimos por sometido el asunto para la atención del Panel Especial.

-II-

-A-

Los tribunales deben observar ciertos requisitos —previo a entrar en los méritos de un caso—, ya que su jurisdicción se encuentra circunscrita a que el mismo sea *"justiciable"*.[7]

La justiciabilidad *"[e]stá ceñida a aquellas situaciones en que estén presentes controversias reales y vivas susceptibles de adjudicación por el tribunal y donde este imparta un remedio que repercuta en la relación jurídica de las partes ante sí"*.[8] Al respecto,

---

[7] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 334 (2012); *PNP v. Carrasquillo*, 166 DPR 70, 74 (2005).
[8] *IG Builders et al. v. BBVAPR, supra.*

nuestro ordenamiento expresa:

> *[s]e ha reconocido que un caso no es justiciable cuando las partes no tienen legitimación activa, cuando un asunto carece de madurez, cuando la pregunta ante el tribunal es una cuestión política, y cuando un caso se ha tornado **académico**.*[9]

Entonces, un caso se torna académico cuando por el transcurso del tiempo —debido a cambios facticos o judiciales durante el trámite del litigio— el mismo pierde su carácter adversativo y el remedio que en su día pudiera concederse no tendría efectos prácticos.[10] En fin, la *academicidad* implica la falta de adversidad, en otras palabras, la ausencia de una controversia real entre las partes. En ese sentido, la doctrina de autolimitación judicial en discusión es de aplicación durante todas las fases de un pleito, lo que incluye la etapa apelativa o revisora, ya que es necesario que exista una controversia genuina entre las partes en todo momento.[11]

Por lo tanto, es norma reiterada en nuestro ordenamiento que; *"[l]os tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".*[12] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[13] Por lo cual, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso si carecemos de jurisdicción para acogerlo por cualquiera de las instancias que a continuación reseñamos:

> *(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*
> > *1) que el Tribunal de Apelaciones carece de jurisdicción;*
> > *2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;*
> > *3) que no se ha presentado o proseguido con diligencia o de buena fe;*

---

[9] *PNP v. Carrasquillo, supra.*
[10] *Angueira v. JLBP*, 150 DPR 10, 19 (2000).
[11] *Báez Díaz v. ELA*, 179 DPR 605, 617 (2010).
[12] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[13] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

> *4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;*
>
> *5) **que el recurso se ha convertido en académico.***
>
> *(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*[14]

De conformidad con lo antes señalado, los tribunales tenemos el deber de desestimar todo pleito que haya advenido académico y no tenemos discreción para negarnos a ello, dado que no existe autoridad judicial para acogerlo.[15]

**-III-**

En esencia, el peticionario nos señala que el TPI incidió al emitir y notificar el **1 de julio de 2025** la *Orden* que paralizó las relaciones paternofiliales, y con ello, el viaje de verano programado con el menor al estado de Virginia, sin la celebración previa de una vista que evitara lo antes dicho.

No obstante, **2 de julio de 2025** emitimos una Resolución en auxilio de jurisdicción dejando sin efecto la *Orden* recurrida. Todavía más, el **3 de julio de 2025** a las 8:33 p.m., la recurrida nos presentó una *Moción Informando Acuerdo de las Partes para Entrega del Menor al Peticionario Mañana 4 de Julio de 2025*. La cual acogimos verbalmente ese mismo día, y el **8 de julio de 2025**, emitimos la Resolución por escrito de: "**ENTERADO**".

En consecuencia, las relaciones paternofiliales fueron restauradas, y con ello, el viaje del menor al estado de Virginia para relacionarse con su progenitor.

Ante este escenario, la petición de *certiorari* se tornó académica. Es decir, nos encontramos ante un asunto no justiciable, por lo que procede la desestimación del recurso instado.

---

[14] Regla 83 inciso (B) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025).

[15] *Moreno v. UPR II*, 178 DPR 969, 974 (2010).

**-IV-**

Por los fundamentos antes expresados, se **desestima** el recurso de *certiorari.*

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones